UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

KAWANNA MANNING, ET AL.                                                    PLAINTIFFS

V.                                                       CIVIL ACTION NO. 3:11cv73-DPJ-FKB

WESTOVER APARTMENTS, LLC, ET AL.                                       DEFENDANTS

ORDER

Plaintiff Kawanna Manning filed this action against various defendants following a 2009 eviction from Westover Apartments in Magnolia, Mississippi. This case is presently before the Court on Defendant Southern Management Group's Motion for Summary Judgment [35]. Defendant Westover Apartments, LLC, joined in the motion [58]; Manning opposed it [37]. For the reasons stated herein, the Court finds Southern Management Group's motion is granted in part and denied in part.

I.    Facts and Procedural History

The following facts are undisputed. Plaintiff Kawanna Manning leased an apartment in Magnolia, Mississippi, from Westover Apartments, LLC ("Westover") that was managed by Southern Management Group ("SMG"). In November 2009, Manning was summoned to appear before the Justice Court of Lawrence County, Mississippi, for alleged noncompliance with the terms of her lease. The justice court held a hearing on the matter and on December 3, 2009, issued a judgment in favor of Westover ordering Manning to pay back rent and to vacate the rental unit within five days. Def.'s Mot. Summ. J. [35] Ex. F. On December 8, 2009, Manning filed a Notice of Appeal in the Circuit Court of Lawrence County, seeking a *de novo* appeal of the justice court's Order. *Id.* Ex. G. There was no activity in the case until February 10, 2011, when Manning filed a motion to dismiss her appeal pursuant to Mississippi Rule of Civil

Procedure 41(a). State Court Record [55] at 61. A few days later the Lawrence County Circuit Court judge entered an order dismissing the case "without prejudice." *See id.* at 63.[1]

In the meantime, on December 13, 2010, Manning filed the instant action in the Circuit Court of Hinds County, Mississippi, alleging claims under the Fair Housing Act (42 U.S.C. § 3617), 42 U.S.C. § 1983, and various common-law claims related to her eviction from the Westover Apartments. *See* Compl. [1-1]. On February 8, 2011, SMG removed the action to this Court based on federal question jurisdiction [1]. SMG later moved for summary judgment [35], arguing that Manning's defamation, slander, abuse of process, and intentional infliction of emotional distress claims are untimely, that her wrongful eviction claims are barred by the doctrine of res judicata—given the judgment in the justice court eviction proceeding—, and seeking costs.[2] Defendant Westover joined in SMG's Motion [58].[3] Manning responded [37] to the motion, conceding SMG's statute-of-limitations arguments, but disputing that res judicata

---

[1]The "Order of Dismissal" entered by the Lawrence County Circuit Court judge states:

> [T]his case came on to be heard upon Voluntary Stipulation of Dismissal pursuant to Rule 41(A)(1) . . . . and the Court, having heard and considered same find that said case should be dismissed.
> It is, therefore, Ordered and Adjudged, that said case be and the same is hereby dismissed without prejudice with all costs to be assessed to the Plaintiff.

State Court Record [55] at 63.

[2]SMG's motion includes a request for all costs incurred in defending this matter pursuant to Rule 11 of the Federal Rules of Civil Procedure, but SMG failed to file a separate motion for sanctions as required by Rule 11(c)(2). The Court denies the present motion to the extent it seeks costs.

[3]SMG and Westover are the only remaining named defendants. *See* Order [8] (dismissing Danny Pettey); Order [32] (dismissing Donald G. Mullins); Order [54] (dismissing Lawrence County, Mississippi Board of Supervisors).

bars the present suit.  The Court has personal and subject matter jurisdiction and is prepared to rule.

II.     Standard of Review

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.  The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted).  Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when ... both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075.  When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

III.   Analysis

   A.   Defamation, Slander, Abuse of Process, and Intentional Infliction of Emotional Distress

Manning concedes that her defamation, slander, abuse of process, and intentional infliction of emotional distress claims are barred by the applicable statutes of limitation. Pl.'s Resp. [37] at 3. Therefore, SMG's motion for summary judgment is granted with respect to these claims and they are dismissed.

   B.   Res Judicata Effect of Prior State-Court Action on Remaining Claims

SMG argues that the prior state-court eviction proceeding precludes Manning's wrongful eviction claims in this action as a matter of law, and that Manning should have pursued those claims, instead, in her appeal of that judgment. To determine the preclusive effect of a Mississippi state-court judgment, the Court looks to Mississippi law. *See Lafreniere Park Found. v. Broussard*, 221 F.3d 804, 808 (5th Cir. 2000) (citing *Amica Mutual Ins. Co. v. Moak*, 55 F.3d 1093, 1096-97 (5th Cir. 1995)). Under Mississippi's res judicata doctrine, "[a] final judgment on the merits of an action precludes the parties and their privies from relitigating claims that were or could have been raised in that action." *Robinson v. Hosemann*, 918 So. 2d 668, 671–72 (Miss. 2005) (citation omitted). Four identities must be present for res judicata to apply: "(1) identity of the subject matter, (2) identity of the cause of action, (3) identity of the parties, and (4) identity of the quality or character of a person against whom a complaint is made." *Id.* (citations omitted). "In addition to these four identities, res judicata applies only to judgments which are final." *Anderson v. LaVere*, 895 So. 2d 828, 833 (Miss. 2004) (citation omitted). "The burden of proving res judicata as a defense is on the defendant." *Id.* at 832.

Here, Manning denies there was a final judgment on the merits for res judicata purposes because she voluntarily dismissed her appeal of the justice court's decision in the eviction proceeding.  Pl.'s Resp. [37] at 4.  A justice court's decision on the merits is "a bar to a recovery for the same cause of action or setoff in any other suit."  Miss. Code Ann. § 11-9-137.  The appeal of a judgment does not usually affect its finality or preclusive effect unless the appeal is actually a trial *de novo*, where the "appellate" court is required to try the issue anew.  *Walker v. Benz*, 914 So. 2d 1262, 1266–67 (Miss. Ct. App. 2005) ("[I]f an appeal results in a trial de novo, collateral estoppel does not apply.") (citing *Simpson v. City of Pickens, Miss.*, 887 F. Supp. 126, 129 (S.D. Miss. 1995); *Smith v. Malouf*, 597 So. 2d 1299, 1302 (Miss. 1992)); 2 Jeffrey Jackson, Miss. Civ. Proc. § 16:7 (2010).

This is the case when an appeal of a justice court judgment is perfected in circuit court: "the circuit court has original jurisdiction over the case" and "the case must be tried anew as if it were originally instituted in the circuit court, with the single exception that written pleadings are not required."  *Statham v. Miller*, 988 So. 2d 407, 410 (Miss. Ct. App. 2008) (citing *Lucedale Commercial Co. v. Strength*, 141 So. 769, 769 (Miss. 1932)); *see also* Miss. Code Ann. §11-51-91; Miss. Unif. Circuit & Cty. Ct. R. 5.01, 5.07.  Thus, once Manning sought a *de novo* appeal of the justice court judgment, it was no longer "final" for purposes of the "appeal" and had no preclusive effect on the Lawrence County Circuit Court's decision.

The wrinkle to this case is that Manning dismissed her appeal per Mississippi Rule of Civil Procedure 41(a).[4]  Whether considered a dismissal under Rule 41(a)(1) or 41(a)(2), the

---

[4]Rule 41(a) provides:

(1) *By Plaintiff; By Stipulation*:...[A]n action may be dismissed by the plaintiff without order of court:

5

dismissal of Manning's appeal was undisputedly "without prejudice."  Dismissal of a case "without prejudice" is not an adjudication on the merits and has no res judicata effect.  *Stewart v. Guaranty Bank and Trust Co. of Belzoni*, 596 So. 2d 870, 872–73 (Miss. 1992); 2 Jeffrey Jackson, Miss. Civ. Proc. § 16:7 (2010).  Therefore, Manning may be correct that the dismissal of her appeal has no preclusive effect and she is arguably free to re-file that action subject to any statute-of-limitations issues.  But the pertinent question here is whether the justice court judgment, over which the circuit court acquired "original" jurisdiction for a trial *de novo*, regained its "finality" or preclusive effect when Manning dismissed her appeal "without prejudice" pursuant to Rule 41(a).

The 1932 Mississippi Supreme Court case *Lucedale Commercial Co. v. Strength* indicates that a plaintiff in Manning's position could voluntarily dismiss a circuit court appeal of a justice court judgment without reinstating the finality of the prior justice court judgment:

> This court does not seem to have heretofore decided the exact question presented by this appeal; that is, whether or not, on appeal to the circuit court from a justice of the peace court, the plaintiff may suffer a nonsuit *without*

---

> (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs; or
> (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.
> Unless otherwise stated in the notice of dismissal...the dismissal is without prejudice.
>
> (2) *By Order of the Court*.  Except as provided in paragraph (a)(1) of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper....Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Miss. R. Civ. P. 41(a).

> *thereby reinstating the judgment of the justice court so as to render it res adjudicata* of the controversy. . . .
>
> A judgment by a justice of the peace is vacated or superseded by appeal to the circuit court, subject only to revival by a dismissal of appeal, but there is not here involved a mere dismissal of the appeal. The action taken in the court below was a dismissal or voluntary nonsuit of the action itself, and, the cause being in the circuit court for trial anew as though originally brought in that court, the appellant was entitled to avail itself of the right granted to every plaintiff by section 594, Code 1930, to suffer a nonsuit of the cause, and, by so doing, the cause was taken out of court, and the judgment of the justice court vacated. 18 C. J. 1158; *Mayott v. Knott*, 16 Wyo. 108, 92 P. 240; *Leonard v. Security Bldg. Co.*, 179 Mo. App. 480, 162 S. W. 685; *Castator v. Boyes & Blandford Co.*, 221 Mich. 591, 192 N. W. 696; *Garfield v. Mansfield Steel Corporation*, 223 Mich. 694, 194 N. W. 526.

141 So. 769, 769 (Miss. 1932) (emphasis added).

Under *Lucedale*, Manning's voluntary dismissal of the circuit court "appeal" left the justice court's decision vacated and without preclusive effect in a later proceeding. *Id.; see also C.A. Cavagnaro v. Coldwell Banker Alfonso Realty, Inc.*, 995 So. 2d 754, 757, 765 (Miss. Ct. App. 2008) (where justice court claim for expenditures was dismissed without prejudice on appeal *de novo*, party was not precluded from seeking expenditures in separate declaratory-judgment action).

SMG bears the burden to show res judicata. And although *Lucedale Commercial Co.* is older authority, SMG failed to address it.[5] *Lucedale* has never been overruled and has been relied upon in more recent cases such as *Statham v. Miller*, 988 So. 2d at 411 (holding that

---

[5]Because SMG failed to file a timely rebuttal, the Court ordered SMG to address Manning's argument that "there has been no final adjudication of the merits for res judicata purposes" and to particularly address *Lucedale*. SMG filed a Rebuttal [59], which Westover joined [60], but failed to address *Lucedale* or make any argument concerning res judicata in the context of a dismissed appeal from justice court. The case SMG cited in rebuttal, *Phillips v. Kelley*, 72 So. 3d 1079, 1084 (Miss. 2011), is inapposite, primarily because it does not address the unique procedural rules supporting the *Lucedale* opinion.

7

circuit court gained original jurisdiction upon appeal from justice court, and because case must be "tried anew," plaintiff could amend complaint to seek damages exceeding justice court's jurisdictional amount). Thus, the Court finds that, without a final judgment, there is no res judicata effect to the state-court eviction proceeding and it bars no claim in this action.

IV.     Conclusion

For the foregoing reasons, SMG's motion for summary judgment is granted with respect to Manning's defamation, slander, abuse of process, and intentional infliction of emotional distress claims, and those claims are dismissed. SMG's motion is otherwise denied.

**SO ORDERED AND ADJUDGED** this the 5th day of January, 2012.

s/ <i>Daniel P. Jordan III</i><br>
UNITED STATES DISTRICT JUDGE